AUGUST 1, 1992

No. A-82 (O. T. 1992). MCNARY, COMMISSIONER, IMMIGRATION AND NATURALIZATION SERVICE, ET AL. v. HAITIAN CENTERS COUNCIL, INC., ET AL. Application for stay, presented to JUSTICE THOMAS, and by him referred to the Court, granted, and it is ordered that the judgment of the United States Court of Appeals for the Second Circuit, case No. 92-6144, filed July 29, 1992, and the subsequent July 29, 1992, order of the United States District Court for the Eastern District of New York, case No. 92 CV 1258, are stayed pending the filing of a petition for writ of certiorari on or before August 24, 1992. Should the petition be filed on or before that date, this order is to remain in effect pending this Court's action on the petition. If the petition for writ of certiorari is denied, this order is to terminate automatically. In the event the petition is granted, this order is to remain in effect pending the sending down of the judgment of this Court. Should the Solicitor General so file a petition for writ of certiorari, respondents' response is to be filed on or before September 8, 1992.

JUSTICE BLACKMUN, with whom JUSTICE STEVENS joins, dissenting.

An applicant for a stay pending the disposition of a petition for certiorari faces a heavy burden. The applicant must demonstrate (1) a likelihood of irreparable harm if the judgment below is not stayed; (2) a reasonable probability that certiorari will be granted; (3) a significant possibility that the judgment below will be reversed; and (4) that the balance of the equities tilts clearly in its favor. I do not think the Government has met the latter two conditions.

Eight federal judges have now considered the territorial reach of 8 U. S. C. §1253(h). Four have concluded that the statute does not apply in international waters, and four have concluded that it does. Given the thorough and careful reasoning of the majority and concurring opinions below, I do not see how the Court can conclude at this stage that the Government's likelihood of success on the merits is any better than even. That is not fatal to the Government's application, for if each party's chance of succeeding is equal, a strong showing on the equities can still carry the day for the Government. But no such showing has been made. While the Government has offered a vague invocation of harm to foreign policy, immigration policy, and the federal treasury, the plaintiffs in this case face the real and immediate prospect of persecution, terror, and possibly even death at the hands of those to whom they are being forcibly returned. So determined the District Court, to whose findings we should defer where the balance of equities is highly factual in nature. *Block* v. *North Side Lumber Co.*, 473 U. S. 1307 (1985) (REHNQUIST, Circuit Justice).

I would deny the application for a stay.